IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WOODROW WOLFE,** | : Case No. 1:25-cv-330 |
| Plaintiff, | : |
| vs. | : **Judge Michael R. Barrett** |
| | : **Chief Magistrate Judge Stephanie K. Bowman** |
| CIA, | : |
| Defendant. | : |

**REPORT AND RECOMMENDATIONS**

Plaintiff Woodrow Wolfe is an Ohio inmate at Warren Correctional Institution ("WCI") who is proceeding without the assistance of counsel. Plaintiff alleges that after the filing of a PREA (Prison Rape Elimination Act) Report against him and Plaintiff's calls to the PREA hotline, the CIA and FBI, without his consent, put a "Beacon" inside Plaintiff's head that is telling Plaintiff to kill himself. (Complaint, Doc. 1-6, at PageID 34). Plaintiff's Application and Affidavit to Proceed Without Prepayment of Fees (Doc. 3) was granted in a separate order. (Doc. 4). The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Court's General Order 22-05.

This matter is currently before the Court for an initial screening of Plaintiff's Complaint as required by 28 U.S.C. § 1915A. At this early stage of the litigation, without the benefit of briefing, the Undersigned **RECOMMENDS** that Plaintiff's claim be **dismissed** for failure to state a claim upon which relief may be granted.

**I.  Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or

employee of a governmental entity," the Court is required to screen his Complaint. 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is required to construe a pro se complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 329 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**II.     Allegations**

Plaintiff's Complaint, in its entirety, is set forth below:

When I was in NEOCC [Northeast Ohio Correctional Center] on 6-1-21 C.O. Bezzarro wrote a PREA [Prison Rape Elimination Act] report getting me raped. I heard the C.O.'s talking about it so I refused to go into the cell. Shortly after that they started trying to kill me to shut me up. I started calling PREA Hotline and started telling on how they were going to kill me and then the CIA got involved the FBI got involved and they said I was a psychic for knowing how they were going to kill me so to confirm if I was a psychic the CIA put a "Beacon" inside my head it is a "AI Chat Bot." I have now had a "Beacon" inside my head at first it just tried to get me to kill myself then it wanted me to hold my breath until I passed out. Now it just tells me to hold my Breath. The CIA put a "Beacon" inside my Brain without my consent and I am seeking help. I am not mentally insane, I am very well sane and understand in full what danger I am putting myself in for telling on the "Beacon program." The CIA has files. I am demanding the CIA and FBI turn over all files, PREA calls and anything else they have.

(Complaint, Doc. 1-6, at PageID 34).

The only named Defendant is the CIA. In relief, Plaintiff seeks $100,000,000,000 for his pain and suffering and the immediate removal of the beacon. (*Id*. at PageID 35).

**III.    Discussion**

There are several deficiencies with Plaintiff's Complaint that require it to be dismissed. First, Plaintiff's claim against the CIA cannot proceed. In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, the Supreme Court held that a plaintiff could recover damages from federal agents for injuries inflicted in violation of the individual's Fourth Amendment rights. 403 U.S. 388, 389 (1971). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research, Inc. v. Howard & Howard Att'ys, P.C.*, 76 F.3d 692, 698 (6th Cir. 1996) (citations omitted). Importantly, however, *Bivens* does not apply to federal agencies. *See Smith v. F.B.I.*, 22 F. App'x 523, 524 (6th Cir. 2001) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S

3

471, 485-86 (1994)). Because the CIA is a federal agency, Plaintiff's claim against it cannot proceed.

Even if Plaintiff had named individual, sue-able persons, his Complaint states no constitutional claim. Specifically, it provides insufficient factual content or context from the Court could reasonably infer a constitutional violation. Thus, Plaintiff has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555. Because Plaintiff's Complaint is premised on "wholly incredible" allegations, the Undersigned finds that Plaintiff has failed to state a plausible claim for relief, and his Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Flores v. U.S. Atty. Gen.*, No. 2:14-cv-84, 2014 WL 358460, at *3 (S.D. Ohio Jan. 31, 2014); *see also Carter v. Twin Valley Behavior*, No. 2:12-cv-795, 2012 WL 4364270, at *2 (S.D. Ohio Sep. 24, 2012), *report and recommendation adopted*, No. 2:12-cv-795, 2012 WL 5931530 (S.D. Ohio Nov. 27, 2012) (citation omitted) ("Plaintiff appears to allege that someone at Twin Valley forced her to take certain medications against her will [but] does not state who allegedly forced her to take the medication in question. Nor does Plaintiff clearly state the legal injury she allegedly suffered…. The Undersigned could only speculate as to what Plaintiff is trying to say, and what, if any, basis for relief might be available to her.").

### IV.    Conclusion

Having screened the Complaint as required by 28 U.S.C. § 1915A(a), the undersigned **RECOMMENDS** that Plaintiff's claim alleging be **DENIED with prejudice**.

<strong>IT IS THEREFORE RECOMMENDED THAT:</strong>

1. The Complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §

1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on a timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy of the objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

July 17, 2025                                             *s/Stephanie K. Bowman*
                                                          Stephanie K. Bowman
                                                          United States Chief Magistrate Judge